# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DAMON BARTH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BEARD, et al.,<br><br>　　　　Defendants. | Case No.: CV 16-1469-DMG (RAO)<br><br>**ORDER DENYING REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTION [69]** |

On June 5, 2018, Plaintiff Shawn Damon Barth ("Plaintiff"), a California state prisoner proceeding *pro se*, constructively filed a Request for Preliminary and Permanent Injunction ("Request"). [Doc. # 69.] Plaintiff requests an injunction prohibiting Defendants[1] from holding, keeping, or stopping his incoming and outgoing mail at California State Prison in Lancaster, California. (*Id.* at 1.) Plaintiff also requests that correctional officers and mailroom staff be prohibited from opening, obstructing, and returning his mail. (*Id.* at 1-2.) Plaintiff additionally states that his rights to due process and to access the courts are

---

[1]　Plaintiff's most recent amended complaint names as Defendants a deputy district attorney, a police detective, Plaintiff's appointed attorney in his state criminal prosecution, a correctional officer, the former Secretary of the California Department of Corrections and Rehabilitation, and a labor union for California correctional officers. [*See* Doc. # 65.] The Court presumes that Plaintiff's Request seeks to enjoin only the named defendants who are prison officials at California State Prison.

obstructed. (*Id.* at 2.) Because the Request is premature, the Court is without authority to grant the relief requested.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24, 129 S. Ct. 365, 376, 172 L. Ed. 2d 249 (2008). In seeking preliminary injunctive relief, the movant must establish that: (1) he is likely to succeed on the merits of his claims; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of hardships tips in his favor; and (4) a preliminary injunction is in the public interest. *Id.* at 20.

A federal court must also have jurisdiction over the parties that the movant seeks to enjoin. *Zepeda v. United States I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). The Court may not attempt to determine the rights of those who are not before it. *Id.* An injunction binds only the parties to the action, their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them. Fed. R. Civ. P. 65(d)(2).

The Court cannot exercise jurisdiction over Defendants at this time. Plaintiff's Second Amended Complaint ("SAC") has not yet been screened in accordance with 28 U.S.C. §§ 1915(e)(2), 1915A(a), to determine whether it states cognizable claims. The Court therefore has not ordered service of the SAC, and none of the Defendants have been served or appeared in this action. Accordingly, the Court does not have jurisdiction over Defendants. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Defendants must be served in accordance with Rule 4[] of the Federal Rules of Civil Procedure, or there is no personal jurisdiction. . . . Neither actual notice nor simply naming the person in the caption of the complaint will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." (internal citations and footnote omitted)). Without jurisdiction over Defendants, the Court lacks the authority to enjoin Defendants' conduct. *See Zepeda*, 753 F.2d at 727.

Based on the foregoing, IT IS ORDERED THAT Plaintiff's Request is DENIED WITHOUT PREJUDICE.

DATED: June 27, 2018

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE